# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS - BOSTON

| | |
|---|---|
| ISABELLA SCOTT<br><br>                    Plaintiffs,<br><br>vs.<br><br>CURRY COLLEGE<br><br>                    Defendant. | CIVIL ACTION.<br><br>Case No.<br><br><br>**COMPLAINT** |

Isabella Scott Plaintiff sues Defendant, Curry College  (hereinafter, "Defendant" or the

College), for injunctive relief pursuant to 42 U.S.C. §12131, *et seq.* (hereinafter, "Title III") of the

Americans with Disabilities Act (hereinafter the "ADA") and for injunctive relief and damages

pursuant to 29 U.S.C. § 701 of The Rehabilitation Act of 1973 (hereinafter, the "Rehabilitation

Act").

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343

for Plaintiff's claims arising under Title III and the Rehabilitation Act *(see also* 28 U.S.C. §2201

and 2202).

## PARTIES

2.    Plaintiff Isabella Scott resides at 75 Hemenway Drive, Canton, Norfolk County

Massachusetts. Plaintiff being visually impaired qualifies as an individual with disabilities as

defined by the ADA and Rehabilitation Act of 1973. Plaintiff has been a student at Curry

College since fall 2018.

3.    Curry College is a public accommodation as defined by the ADA and is subject to the

provisions of the ADA and its implementing regulations. 42 U.S.C. §12101. The Defendant

operates a College that receives funding from the United States of America and operates

facilities, buildings, services, programs and activities where architectural and procedural barriers

to access exist for Plaintiffs and others similarly situated, in violation of 42 USC §12132, which

states in part that, "...no qualified individual with a disability shall, by reason of such disability,

be excluded from participation in or be denied the benefits of services, programs, or activities of

a public entity, or be subjected to discrimination by any such entity." The address of the campus

is 1071 Blue Hill Ave. Milton, Norfolk County, Massachusetts.

## FIRST COUNT.

4.      Plaintiff, Isabella Scott is an individual residing at 75 Hemenway Drive, Canton, Norfolk

County, Massachusetts. Plaintiff is a student at Defendant's properties and public

accommodation. Curry College is a public accommodation located at 1071 Blue Hill Ave.

Milton, Norfolk County, Massachusetts.  Plaintiff has reasonable grounds to believe that she will

continue to be subjected to discrimination in violation of the ADA by the Defendant. Isabella

Scott desires to visit the subject public accommodation not only to avail herself of the goods and

services available at the property but to assure herself that this property is in compliance with

the ADA and the Rehabilitation Act of 1973 so that she and others similarly situated will have

full and equal enjoyment of the property without fear of discrimination.

5.      The Defendant has discriminated against the individual Plaintiff by denying her access to,

and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of the buildings, as prohibited by 42 U.S.C. 12182 et seq.

6.      The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in

violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or

January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A review of Defendant College has shown that many access violations exist.  These violations that Scott personally encountered, and which were verified by an ADA expert, include, but are not limited to:

7.    Exterior Routes

a.  There are no proper accessible routes within the site dorms, class rooms, libraries, sports field and arenas from accessible parking spaces and accessible parking loading zones; public streets and sidewalks; public transportation stops to the entrance in violation of ADAAG 206, 206.2 206.2.1.  Many of the routes have physical barriers including steep slopes and cross slopes with no level landings in violation ADAAG 401,402, 403, 404, 405, 406, et al. In that Scott is visually impaired–and has balance issues, these barriers impair her use of the defendant's services.

b.  From the public commons there is no proper accessible route to the Defendant's facility because of physical barriers, namely curbs. These physical barriers render it impossible for Scott to travel from the public commons to Defendants entrance.

c.  There is improper accessible parking throughout the campus. ADAAG 501 et al.

**BATHROOMS.**

8.    Defendant does not supply to her accessible bathrooms–with a shower within a proper accessible route.

**MAINTENANCE.**

9.    The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of §28 CFR §36.211. In regard to parking the spaces for the Disabled, they are often used by the abled bodied.

10.     All of the foregoing violations are violations of the 2010 Standards for Accessible.

Design, as well as the 1991 Standards, as promulgated by the U.S. Department of Justice.

The discriminatory violations described in paragraph 7, 8 and 9 are not an exclusive list of the

Defendants' ADA violations.

11.     Plaintiff sustained discrimination as well as anger and emotional distress as a result of the

discrimination.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the
   commencement of the subject lawsuit is in violation of Title III of the Americans with
   Disabilities Act, 42 U.S.C.  12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable
   alterations to the facility; or to make such facility readily accessible to and usable by
   individuals with disabilities to the extent required by the ADA.

c. Require the Defendant to make reasonable modifications in policies, practices or
   procedures, when such modifications are necessary to afford all offered goods, services,
   facilities, privileges, advantages or accommodations to individuals with disabilities; and
   by failing to take such steps that may be necessary to ensure that no individual with a
   disability is excluded, denied services, segregated or otherwise treated differently than
   other individuals because of the absence of auxiliary aids and services.

d. An award of attorney fees, costs and litigation expenses pursuant to 42 U.S.C. sec 12205.

e. Such other relief as the Court deems just and proper, and/or is allowable under Title III of
   the Americans with Disabilities Act.

## SECOND COUNT

12.    Plaintiff repeats the allegations of the First Count.

13.    Congress enacted the Rehabilitation Act forty years ago as a comprehensive federal program to *"empower individuals with disabilities to maximize… independence, and inclusion and integration into society, through… the guarantee of equal opportunity."* 29 U.S.C. § 701(b)(1)(F).

14.    To effectuate these purposes, Section 504 of the Rehabilitation Act ("Section 504") provides that *"[n]o otherwise qualified individual with a disability… shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."* 29 U.S.C. § 794(a).

Section 504 seeks *"not only to curb 'conduct fueled by discriminatory animus,' but also to right 'the result of apathetic attitudes rather than affirmative animus.'"* <u>Powers v. MJB Acquisition Corp.</u>, 184 F.3d 1147, 1152 (10th Cir. 1999) (quoting <u>Alexander v. Choate,</u> 469 U.S. 287, 296 (1985)).

15.    The Justice Department's Section 504 coordination regulation prohibits criteria or methods of administration that have the purpose *or effect* of discriminating.  28 C.F.R. § 41.51(b)(3). Further, as the Eighth Circuit observed, *"[T]he Rehabilitation Act requires entities receiving federal funding to furnish auxiliary aids which 'afford handicapped persons equal opportunity*

*to obtain the same result, to gain the same benefit, or to reach the same level of achievement'*
*as others.*" Argenyi v. Creighton University, 703 F.3d at 448.

16.     The Defendant receives funds from the United States of America and therefore Curry College is a
covered entity under the Rehabilitation Act of 1973.

17.     The aforementioned lack of access is also a violation of the Rehabilitation Act of 1973.

18.     As a result Plaintiff sustain discrimination and anger and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:
grant judgment in favor of the Plaintiffs and declare that the Defendant has violated the
Rehabilitation Act of 1973 and its implementing regulation at 28 C.F.R. pt. 35; and Section 504,
29 U.S.C. § 794, and its implementing regulation at 28 C.F.R. pts. 41 and 42, subpart. G.

Enjoin the Defendant, its officers, agents, employees, and all other persons and entities in active
concert and participation with the Defendant, from engaging in discriminatory policies and
practices against individuals on the basis of their disabilities; failing to provide equal opportunity
for Plaintiffs to benefit from services, programs, and activities; and otherwise failing or refusing
to take appropriate steps to ensure compliance with the requirements of Rehabilitation Act of 1973
and their implementing regulations.

a.      Order Defendant to affirmatively modify its policies, practices, and procedures to comply
with the Rehabilitation Act of 1973, and their implementing regulations as well as to create
access on its campus.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

b. Award compensatory damages under the Rehabilitation Act (Section 504) for the discrimination and hardship faces by the Plaintiffs.

c. Order such other appropriate relief as the interests of justice may require, including the award of Plaintiffs' attorneys' fees, costs, and expert fees.

**THIRD COUNT**

19. Plaintiff repeats the allegations of the First and Second Counts.

20. Plaintiff, because of her disability, uses a service dog animal.

21. During her studies during the winter of 2019 Curry was forced to segregate her service Animal in class including putting her service animal in a cage or tying up the animal and not being able to sit near the service dog. Plaintiff was also falsely told that the animal was a health code and OSHA violation.

22. During numerous occasions including April 2019 in Communications class and Sociology Fall 2019 class, inaccessible class handouts and inaccessible software was used during class. Consequently, she was not able to fully understand her lessons in regard to the Communications matter and had to take multiple examinations. During the fall psychology class, she was forced to be segregated from her fellow classmates.

   **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181 et seq.

b. Injunctive relief against the Defendant including an order to and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities and, by failing, to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or, otherwise, treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney fees, costs and litigation expenses pursuant to 42 U.S.C. sec 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## FOURTH COUNT.

Plaintiff repeats the allegations of the Third Count.

23.    As a result, Plaintiff sustained anger and emotional distress.

25.    The above is a violation of the Rehabilitation Act of 1973 and ~~in~~ intentional and with malice.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a. Grant judgment in favor of the Plaintiffs and declare that the Defendant has violated the Rehabilitation Act of 1973 and its implementing regulation at 28 C.F.R. pt. 35; and Section 504, 29 U.S.C. § 794, and its implementing regulation at 28 C.F.R. pts. 41 and 42, subpart. G.

b. Enjoin the Defendant, its officers, agents, employees, and all other persons and entities in active concert and participation with the Defendant, from engaging in discriminatory policies and practices against individuals on the basis of their disabilities; failing to provide equal opportunity for Plaintiffs to benefit from services, programs, and activities; and otherwise failing or refusing

to take appropriate steps to ensure compliance with the requirements of Rehabilitation Act of 1973 and their implementing regulations.

c. Order Defendant to affirmatively modify its policies, practices, and procedures to Comply with Rehabilitation Act of 1973 and their implementing regulations as well as to create access on its campus.

d. Award compensatory damages and punitive damages under the Rehabilitation Act (Section 504) for the discrimination and hardship faces by the Plaintiffs.

e. Order such other appropriate relief as the interests of justice may require, included award of Plaintiffs' attorney's fees, costs, and expert fees.

Jan 15, 2020

Dated: 1/21/2020                        Respectfully submitted,

                                        s/ Anthony J. Brady Jr.

                                        ANTHONY J. BRADY, JR., ESQUIRE
                                        *Attorney for Plaintiff*
                                        1 Rose Avenue
                                        Maple Shade, New Jersey 08052
                                        Telephone: (561) 603.6387
                                        Email Ladbrady@gmail.com
                                        New Jersey bar Number 044541984

                                        s/ Raymond Jennings

                                        Raymond Jennings III, Esquire.
                                        775 Pleasant St.Suite 7
                                        East Weymouth
                                        Massachusetts 02189
                                        Telephone: 781.337.3999 Ext. 203.
                                        Email:Rayjennings@jenningsfishman.com
                                        BBO: 629425