UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:20-cv-10117ADB

ISABELLA SCOTT,            )
            Plaintiff,     )
                           )
v.                         )
CURRY COLLEGE              )
            Defendants.    )
                           )

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Isabella Scott Plaintiff sues Defendant, CURRY COLLEGE (hereinafter, "Defendant" or the College), for injunctive relief pursuant to 42 U.S.C. §12131, *et seq.* (hereinafter, "Title III") of the Americans with Disabilities Act (hereinafter the "ADA") and for injunctive relief and damages pursuant to 29 U.S.C. § 701 of The Rehabilitation Act of 1973 (hereinafter, the "Rehabilitation Act") and for relief pursuant to M.G.L. c. 272 §98 and 98A and M.G.L. c. 93 § 103(a).

### JURISDICTION

1.   This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under Title III and the Rehabilitation Act *(see also* 28 U.S.C. §2201 and 2202). The Court may exercise pendant jurisdiction on the state claims.

### PARTIES

2.   Plaintiff Isabella Scott resides at 75 Hemingway Drive, Canton, Norfolk County Massachusetts but has lived in a dormitory on the Milton Campus of Curry College since August 2018. Plaintiff is visually impaired and as such qualifies as an individual with

disabilities as defined by the ADA and Rehabilitation Act of 1973. Plaintiff has been a student at Curry College since fall 2018.

3. Curry College is a public accommodation as defined by the ADA and is subject to the provisions of the ADA and its implementing regulations. 42 U.S.C. §12101. The Defendant operates a College that receives funding from the United States of America and operates facilities, buildings, services, programs and activities where architectural and procedural barriers to access exist for Plaintiffs and others similarly situated, in violation of 42 USC §12132, which states in part that, "…no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." The address of the campus is 1071 Blue Hill Ave. Milton, Norfolk County, Massachusetts.

## FIRST COUNT

4. Plaintiff, Isabella Scott is an individual residing at 75 Hemingway Drive, Canton, Norfolk County, Massachusetts. Plaintiff is a student at Defendant's properties and public accommodation. Curry College is a public accommodation located at 1071 Blue Hill Ave. Milton, Norfolk County, Massachusetts. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Isabella Scott desires to use the subject public accommodation of Curry College as an enrolled student and to avail herself of the goods and services available of the Defendant. Plaintiff further seeks to assure that Curry College is in compliance with the ADA and the Rehabilitation Act of 1973 so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

5.     The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C.  12182 et seq.

6.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities.  A review of Defendant College has shown that many access violations exist.  These violations that the Plaintiff personally encountered, included, but are not limited to:

> i) *Exterior Routes:* There are inaccessible routes within the College's dormitories, class rooms, science laboratories, libraries, sports field and arenas, including accessible parking spaces and accessible parking loading zones; public streets and sidewalks; and public transportation stops at the Campus entrance in violation of  specific provisions of Title III of the ADA. Many of the routes that the Plaintiff must traverse on a regular basis as a student have physical barriers including, but not limited to: steep slopes and cross slopes with no level landings in violation ADAAG §§206, 206.1, 206. 206.2.2. *et al* and ADAAG §§ 401, 402, 403, 404, 405, 406, *et al*.  These barriers impair the Plaintiff's use of the full campus and services of the Defendant Curry College, due to her visual impairment. Specially, there is a lack of proper access at the following locations:
>
> - *The routes from the Plaintiff's dormitory (886) to the Learning Center and from the dormitory to the Levin Library* lots are in accessible routes because the sidewalk is uneven and is not maintained. ADAAG §§206, 206.1, 206. 206.2.2. *et al.*, §§401, 402, 403, 404, 405, 406 *et al*.  The route from the other side of the Plaintiff's dormitory is not accessible due to the physical barrier of a curb in

violation of ADAAG §§206, 206.2 206.2.1. *et al*. and §§401,402, 403, 404, 405, 406. As a result of the barrier, the Plaintiff must travel down a sidewalk on a hill to get to the parking lot of the dormitory and navigate a curb that is lacking a cub cut. This route also requires the Plaintiff to walk through a busy roadway to get into the dormitory main entrance which does not have an accessible route. There is another street crossing from the dormitory which starts with a sidewalk. The Plaintiff must either cross over grass to get to get to the street where there is no sidewalk and no curb cut on the opposite side of the street or she has the option of going to her left but the sidewalk then ends in a fire lane. In other words, there is no accessible route from the Plaintiff's dormitory (886) to other sections of the campus, in violation of §§ 206, 206.1, 206. 206.2.2, 401, 402, 403, 404, 405, 406 *et al*.  28 CFR 35.211.

- *North Campus Residence Hall*. Routes to this building are inaccessible because of the lack of cross walks. §§206,206.1, 206.2 206.2.2, 401,402, 403, 404, 405, 406.

- *PAL building*. There is no accessible route to the building from other area of the campus because of improper slopes that exceed 8.33 % uneven slopes, lack of maintenance and curb barriers. §§ 206,206.1, 206.2 206.2.2, 401,402, 403, 404, 405, 406; maintenance  28 CFR §36.211.

- *Kennedy building*. No accessible route to this building due to improper slopes, uneven slopes, lack of maintenance, curb barriers. §§ 206,206.1, 206.2 206.2.2, 401,402, 403, 404, 405, 406 .

- *Intersection by tennis courts*. Curb cuts are uneven and not maintained ADAG §§ 206, 206.1, 206.2 206.2.2, 401,402, 403, 404, 405, 406.

- *Student Center*. There is no accessible route from the end of the parking lot (on the left side of building leading towards Bell Hall.) §§ 206,206.1, 206.2 206.2.2, 401, 402, 403, 404, 405, 406.

- *Bell Hall*. There is no access to the rear of building because of curbs. ADAAG §§ 206, 206.1, 206.2 206.2.2, 401, 402, 403, 404, 405, 406.

- *Football field*. There is no accessible route to the football field because of physical barriers. ADAAG §§ 206,206.1, 206.2 206.2.2, 401,402, 403, 404, 405, 406.

- *Library*. There are physical barriers on all routes to the library. ADAAG §§ 206, 206.1, 206.2, 206.2.2, 401, 402, 403, 404, 405, 406.

ii. *Bathrooms in dormitory.* Plaintiff does not have access to an accessible bathrooms and showers near her dormitory room. 28 CFR §36.211.

7. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211. In regard to parking the spaces throughout the campus that should be reserved for the disabled are often used by the abled bodied and the Defendant fails to take necessary steps to make said spaces available for use by the Plaintiff and other individuals with disabilities.

8. The Plaintiff has endured mental and physical distress as a result of the effect so the inaccessible elements present in the physical layout of buildings, walkways, parking and other barriers on the Defendant's Milton

9. The Plaintiff has sustained these injuries on almost a daily basis since visiting the campus and enrolling on June 14, 2018.

## SECOND COUNT.

Plaintiff repeats the allegations of the First Count.

*10.* Congress enacted the Rehabilitation Act forty years ago as a comprehensive federal program to *"empower individuals with disabilities to maximize… independence, and inclusion and integration into society, through… the guarantee of equal opportunity."* 29 U.S.C. § 701(b)(1)(F).

11. To effectuate these purposes, Section 504 of the Rehabilitation Act ("Section 504") provides that *"[n]o otherwise qualified individual with a disability… shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."* 29 U.S.C. § 794(a).

12. Section 504 seeks *"not only to curb 'conduct fueled by discriminatory animus,' but also to right 'the result of apathetic attitudes rather than affirmative animus.'"* Powers v. MJB Acquisition Corp., 184 F.3d 1147, 1152 (10th Cir. 1999) (quoting Alexander v. Choate, 469 U.S. 287, 296 (1985)).

13. The Justice Department's Section 504 coordination regulation prohibits criteria or methods of administration that have the purpose *or effect* of discriminating. 28 C.F.R. § 41.51(b)(3). Further, as the Eighth Circuit observed, *"[T]he Rehabilitation Act requires entities receiving federal funding to furnish auxiliary aids which 'afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement' as others."* Argenyi v. Creighton University, 703 F.3d at 448.

14. The Defendant receives funds from the United States of America and therefore Curry College is a covered entity under the Rehabilitation Act of 1973.

15. The aforementioned lack of access is also a violation of the Rehabilitation Act of 1973.

16.     As a result, Plaintiff has been denied equal access, has been unnecessarily denied full inclusion in all programs operated by the Defendant.  The actions and inactions of the Defendant have been deliberate or the product of deliberate indifference to the rights of the Plaintiff.  The Plaintiff has sustained emotional distress as a result of the Defendant's noncompliance with the provisions cited above in paragraphs 6 -9.

## THIRD COUNT: ADA Title III FAILURE TO ACCOMMODATE

**17.**     Plaintiff restates the allegations contained in Paragraphs 1 through 26 and incorporates said by reference.

**18.**     Plaintiff is an individual with a disability as defined at 42 USC Sec. 12102 in that she has a vision impairment which substantially limits her vision and her ability to engage in many major activities of life without accommodations.  Plaintiff uses a service dog to access her environment.

**19.**     CURRY COLLEGE is a public accommodation subject to Title III of the Americans with Disabilities Act.

**20.**     CURRY COLLEGE has denied the Plaintiff full access to all aspects of college life by limiting her ability to use her service dog.  CURRY staff have required at various times that the service animal be kept in a room outsized of the laboratory where the Plaintiff was attending class, has caused the service dog to be kept in a cage and has required that the service do be confined under the ADA bench in the laboratory.  These actions have prevented the Plaintiff from moving freely about the laboratory and classroom and have limited her access to the accommodation of her service dog without justification.  Plaintiff has been told that the presence of her service animal is violation of OSHA regulations and the state health code.

**21.** At several points in 2019 and 2020, CURRY COLLEGE had failed to provide the Plaintiff with accessible textbooks for various classes and has failed to provide handouts in a form accessible to the Plaintiff. The failure to accommodate that Plaintiff has impaired her ability to fully access the subject matter of several courses and has required that she engage in extra work to overcome the barriers of inaccessible texts, handouts and other materials.

**22.** The actions of CURRY COLLEGE in impairing the Plaintiff's use of her service dog and the failure to provide classroom materials and texts that can be accessed through appropriate technology is on-going and continues as of the date of this Amended Complaint.

## FOURTH COUNT – SECTION 504 FAILURE TO ACCOMMODATE

**23.** Plaintiff restates the allegations contained in Paragraphs 1 through 22 and incorporates said by reference.

**24.** Plaintiff is an individual with a disability as defined at Section 5044 of the Rehabilitation Act of 1973 in that she has a vision impairment which substantially limits her vision and her ability to engage in many major activities of life without accommodations. Plaintiff uses a service dog to access her environment.

**25.** CURRY COLLEGE receives over $3.6 million annually in federal financial assistance in the form of federal direct student loans, Pell grants and direct grants from the United States Department of education.

**26.** CURRY COLLEGE has denied the Plaintiff full access to all aspects of college life by limiting her ability to use her service dog. CURRY staff have required at various times that the service animal be kept in a room outsized of the laboratory where the Plaintiff was attending class, has caused the service dog to be kept in a cage and has required that the service do be

confined under the ADA bench in the laboratory. These actions have prevented the Plaintiff from moving freely about the laboratory and classroom and have limited her access to the accommodation of her service dog without justification. Plaintiff has been told that the presence of her service animal is violation of OSHA regulations and the state health code.

**27.**     At several points in 2019 and 2020, CURRY COLLEGE had failed to provide the Plaintiff with accessible textbooks for various classes and has failed to provide handouts in a form accessible to the Plaintiff. The failure to accommodate that Plaintiff has impaired her ability to fully access the subject matter of several courses and has required that she engage in extra work to overcome the barriers of inaccessible texts, handouts and other materials.

**28.**     The actions of CURRY COLLEGE in impairing the Plaintiff's use of her service dog and the failure to provide classroom materials and texts that can be accessed through appropriate technology is on-going and continues as of the date of this Amended Complaint. Said actions are discrimination based upon the Plaintiff's disability.

**29.**     The actions of CURRY COLLEGE in failing to provide appropriate accommodations to the Plaintiff are the result of deliberate indifference to her rights under Section 504 of the Rehabilitation Act.

**30.**     Plaintiff has suffered emotional and mental distress as a result of the deliberate indifference of CURRY COLLEGE.

## FIFTH COUNT: VIOLATION OF M.G.L.c. 272 § 98A THE MASSACHUSETTS PUBLIC ACCOMODATIONS LAW

31.     Plaintiff restates, repeats, and incorporates by reference all those allegations contained in Paragraphs 1 through 31 of the preceding as if set forth in their entirety herein.

32.     Plaintiff is a physically handicapped person who uses a dog guide at all times throughout

the day.

33. Defendant CURRY COLLEGE is a place of public accommodation within the definition of M.G.L. c. 272, § 92A.

34. Since an enrolled student at Curry College on or about August 24, 2018, the Plaintiff has had the right to full and equal accommodations, advantages, facilities, and privileges of CURRY COLLEGE as a place of public accommodation.

35. On numerous occasions since August 24, 2018, Defendant CURRY COLLEGE has prevented the Plaintiff from being accompanied by her guide dog in classroom and laboratory classrooms provided by CURRY COLLEGE as part of its regular business of operating an program of higher education. During the 2019 fall term. CURRY COLLEGE forced the Plaintiff to keep her guide dog in a cage during the lab sessions for Chemistry 110-L2. Plaintiff did not have access to her guide dog during those times and as a result was unable to move freely and effective around the lab. Plaintiff would also have been unable to exit in an emergency without access to her guide dog. As a result of this denial of access, Plaintiff withdrew from the class, incurring financial loss and resulting in having to take the class at another point in her academic career.

36. The Plaintiff was denied full access to all classrooms and laboratory classrooms of the Defendant CURRY COLLEGE in violation of M.G.L. c. 272, § 98A.

37. As a result of Defendant CURRY COLLEGE's violations of M.G.L. c. 272, § 98A, Plaintiff suffered the deprivation of her rights and was forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental suffering and was subjected to humiliation.

## SIXTH COUNT: VIOLATION OF M.G.L.c. 272 § 98 THE MASSACHUSETTS PUBLIC ACCOMODATIONS LAW

38.     Plaintiff restates, repeats, and incorporates by reference all those allegations contained in Paragraphs 1 through 37 of the preceding as if set forth in their entirety herein.

39.     Defendant CURRY COLLEGE is a place of public accommodation within the definition of M.G.L. c. 272, § 92A.

40.     Since enrolling as a student at Curry College on or about August 24, 2018, the Plaintiff has had the right to full and equal accommodations, advantages, facilities, and privileges of CURRY COLLEGE as a place of public accommodation.

41.     On numerous occasions since August 24, 2018, Defendant CURRY COLLEGE has made distinction, discrimination, or restriction, or aided and incited such distinction, discrimination or restriction on account of the Plaintiffs physical disability.  The Defendant CURRY COLLEGE has failed to provide reasonable accommodations to the Plaintiff as alleged in paragraphs 23 through 25.

42.     Defendant CURRY COLLEGE's treatment of Plaintiff, as set forth above, constitutes distinction, discrimination, and restriction against her on account of her physical disabilities in violation of M.G.L. c. 272, § 98.

43.     Defendant CURRY COLLEGE's treatment of Plaintiff deprived her of the right to the full and equal accommodations, advantages, facilities, and privileges of the Defendant CURRY COLLEGE in violation of her civil rights.

44.     Defendant CURRY COLLEGE had a duty to ensure that all appropriate regulations, laws, and statutes are complied with so that the Plaintiff has the full and equal accommodations, advantages, facilities and privileges as an individual without a disability.

45.     As a result of Defendant CURRY COLLEGE's violations of M.G.L. c. 272, § 98, Plaintiff suffered the deprivation of her rights and was forced to suffer great strain, hardship, and

anxiety, was caused painful physical and mental suffering and was subjected to humiliation.

## SEVENTH COUNT: VIOLATION OF M.G.L. c. 93 § 103(a) THE MASSACHUSETTS EQUAL RIGHTS ACT

46. Plaintiff restates, repeats, and incorporates by reference all those allegations contained in Paragraphs 1 through 45 of the preceding as if set forth in their entirety herein. Plaintiff is a person with a disability and as such is a member of a recognized protected class under Massachusetts law.

47. The educational programs and services offered by Defendant CURRY COLLEGE consist of a program or activity under Massachusetts law.

48. The Milton campus of Defendant CURRY COLLEGE contains many barriers, obstacles and impediments, as described above in paragraphs x through y that prevent full and equal use by individuals with vision impairments, including Plaintiff.  The barriers on Defendant CURRY COLLEGE's Milton campus have excluded Plaintiff and other similarly situated individuals with disabilities from the participation in and benefits of attending school and events at CURRY COLLEGE and has subjected the Plaintiff to discrimination under Massachusetts law and M.G.L. c. 93 § 103(a).

49. CURRY COLLEGE has restricted the Plaintiff's access to the educational program provided by the College by restricting the use of her service animal in classrooms throughout the campus.

50. CURRY COLLEGE has restricted the Plaintiff's access to the educational programs provided by the College by failing to provide her with accessible textbooks that can be read by a screen reader,

51. The Massachusetts Equal Rights Act, M.G.L. c. 93, § 103(a) states that "Any person

within the Commonwealth, regardless of handicap... shall, with reasonable accommodation, have the same rights as other persons... including but not limited to the rights secured under Article [114] of the Amendments to the Constitution."

52. As a result of Defendant CURRY COLLEGE's conduct, Plaintiff is entitled to injunctive relief requiring Defendant CURRY COLLEGE to make its campus, textbooks and educational programs accessible to the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests:

a) The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181 et seq.

b) Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c) Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

d) Grant judgment in favor of the Plaintiffs and declare that the Defendant has violated the Rehabilitation Act of 1973 and its implementing regulation at 28 C.F.R. pt. 35; and Section 504, 29 U.S.C. § 794, and its implementing regulation at 28 C.F.R. pts. 41 and 42, subpart.

e) Enjoin the Defendant, its officers, agents, employees, and all other persons and entities in active concert and participation with the Defendant, from engaging in discriminatory policies and practices against individuals on the basis of their disabilities; failing to provide equal opportunity for Plaintiffs to benefit from services, programs, and activities; and otherwise failing or refusing to take appropriate steps to ensure compliance with the requirements of Rehabilitation Act of 1973 and their implementing regulations.

f) Order Defendant to affirmatively modify its policies, practices, and procedures to comply with the Rehabilitation Act of 1973 and the implementing regulations as well as to create access on its campus.

g) Award compensatory damages under the Rehabilitation Act (Section 504) for the discrimination and hardship faced by the Plaintiffs.

h) Award compensatory damages for the violations of M.G.L. c. 272 §98 and 98A and M.G.L. c. 93 § 103(a).

i) Order such other appropriate relief as the interests of justice may require, including the award of Plaintiffs' attorneys' fees, costs, and expert fees.

> ISABELLA SCOTT, Plaintiff
> By Her Attorneys
>
> /s/ *Anthony Brady*
> 11 Rose Avenue
> Maple Shade, New Jersey 08052
> Telephone: (561) 603.6387
> Email Ladbrady@gmail.com
> New Jersey bar Number 44541984
>
>
> /s/ *Timothy Sindelar*
> Timothy Sindelar, Esq BBO#557273

Law Office of Tim Sindelar
55 Chapel Street Suite 301
Newton, MA 02458
617 431 1201 x 101
tim@hshmlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 27, 2020 the within PLAINTIFF's FIRST AMENDED COMPLAINT was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

*/s/ Tim Sindelar*